ANNIE MILLER v. STATE.

No. A-4708. Opinion Filed March 28, 1925.
(234 Pac. 650.)

(Syllabus.)

1. **Evidence—Evidence as to Sales of Liquor Near Time of Illegal Possession Admissible.** Where one is charged with the possession of a specified quantity of intoxicating liquor, with the intent illegally to dispose of the same, evidence of sales or attempted sales at or near the time may be shown to establish the illegal intent, but not extending to remote transactions extending over a period of years.

2. **Intoxicating Liquors—Character of One Charged with Illegal Possession not Subject to Attack Until Put in Issue by Him.** The character or reputation of one charged with the offense of illegal possession of a specified quantity of intoxicating liquor cannot be attacked until after the accused puts his character in issue.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Annie Miller was convicted of illegal possession of intoxicating liquor, and she appeals. Reversed and remanded.

Counts & Counts, for plaintiff in error.

BESSEY, P. J. Annie Miller, plaintiff in error, here referred to as the defendant, was convicted of the illegal possession of about 30 gallons of Choc beer, found by peace officers in her residence in Pittsburg county. The jury fixed defendant's punishment at a fine of $50 and to serve 90 days in the county jail.

The defendant was a Polander, whose husband had been killed in a mine explosion some time prior to this

time.  She was the mother of 8 children, some of whom were old enough to work for wages and contribute to her own and the younger children's support.  Defendant and her witnesses claimed that this beer was made for her own use and for the use of the older members of the family who worked; that it was not, in fact, intoxicating; and that she had no intention or purpose of selling or otherwise disposing of it in violation of law.

There was no evidence on the part of the state tending to show an illegal purpose, save and except the possession of this quantity of Choc beer.  Neither was there any direct evidence upon the alcoholic content of the beer or of its intoxicating properties, except that the three officers who made the seizure state that they tasted the beer before it was destroyed, and that in their opinion it was intoxicating; one of them said it was his opinion that one might drink a half-gallon to a gallon before becoming intoxicated.

Before the defendant put her character or reputation in issue, the court, over the objections of the defendant, in order to show intent to sell, permitted evidence to be introduced relating to three other distinct transactions, and inferentially other transactions, covering a period of three years.  This was error.  The defendant should have been tried for one specific offense and was not bound to defend her conduct generally over a period of years. From the record it is impossible to tell whether the jury concurred as to her guilt on any particular transactions, or whether a conviction was had on these transactions cumulatively and as a whole.

Because of the unsatisfactory proof of alcoholic content, the introduction of evidence concerning other separate transactions, and the attack upos the defendant's character and reputation before she put the same in issue, the

judgment of the trial court is reversed and the cause remanded.

DOYLE and EDWARDS, JJ., concur.